UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § Crim. Action No.: H-4:17-cr-00651 |
| | § |
| REDDY MONTES, *et al.,* | § **UNDER SEAL** |
| | § |
| Defendants. | § |
| | § |

UNOPPOSED MOTION TO CONTINUE THE PRE-SENTENCE INVESTIGATION REPORTS (PSR) DUE DATES AND SENTENCINGS

COME NOW, the United States, by and through undersigned counsel, and files this unopposed motion to continue to the due dates for the initial PSRs, responses to the initial PSRs, and final PSRs, as well as the sentencing dates for all Defendants with the exception of Hector Reyna, and in support thereof, would show the Court the following:

In the above-captioned 23-defendant case, all but one apprehended Defendant have pled guilty and all but one apprehended Defendants are pending sentencing, for which the PSRs are currently scheduled to be filed today (August 22, 2024) and one week from today (August 29, 2024).  The only Defendant who has pled guilty for whom an initial PSR is not due during this time period is Hector Reyna and Claudia Soriano Hernandez, and, as a result, this motion in inapplicable as to them.  The United States requests that the due dates for the initial PSRs, objections to the PSRs, final PSRs, and sentencing for these remaining Defendants be continued by at least four weeks for the following three reasons.

First, the plea agreements for all but 2 of these defendants contain language indicating that they may be amenable to a reduction in sentence pursuant to U.S.S.G. sec. 5K1.1. Specifically, they state:

> Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;
> Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;
> Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;
>
> \*   \*   \*
>
> **Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.**

(Emphasis added).

Thus, any such reduction in sentence pursuant to U.S.S.G. sec. 5K1.1 would depend on their cooperation at the trial of the remaining individuals. As a result, it would not be possible for the United States to properly move, if necessary, for such a reduction in sentence (which could be substantial as many of the aforementioned defendants currently face mandatory minimum sentenced of 10 or 15 years) until the trial or disposition of the 5 remaining defendants is complete.

Second, due to the voluminous amount of discovery in the above-captioned case, which is intertwined with the preparation of exhibits for the trial of the remaining defendant, it has not been possible for the United States to properly provide all of the

discovery in a searchable form to the Department of Probation. As a result, additional time is needed.

Third, with the passing of a prior Probation Officer who had a lead role in drafting the PSRs, the new Probation Officer assigned to that task recently reviewed the amount of discovery associated with this case and indicated that she needed additional time to properly review these materials.

In sum, as each of the abovementioned six defendants may be needed to testify and cooperate further against the remaining five defendants who have been apprehended but have not pled guilty, a continuance of their sentencings (including the dates for disclosures and responses to the PSRs), is necessary. A continuance is also necessary due to the vast amount of material that the United States needs to provide to the Probation Department,[1] which the Probation Department will need to review and digest. A continuance is further necessary due to the passing of the initial Probation Officer tasked with drafting a large portion of the PSRs in this matter. Therefore, the United States, in consultation with the Probation Department, is jointly requesting that the initial disclosure date of all of the PSRs in the above-captioned case, the due date of the responses to the PSRs, the due date of the final PSRs, and the sentencing date for all Defendants in the above-captioned case be continued until for at least 4 weeks.

---

[1] As noted in prior filings, the pole camera videos alone comprise more terabytes of information than that from the January 6, 2021 cases currently being prosecuted in the United States District Court of the District of Columbia. Whereas those cases have literally hundreds of prosecutors and special agents, the instant case has two assistant united states attorneys, two special agents, and 1 Harris County Deputy to review the materials with the Probation Department.

The United States submits that this extension would serve the interests of justice and judicial economy. Moreover, this motion is being jointly filed with the Probation Department, and all Defendants to whom this motion is applicable are unopposed.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully prays this Court grant this Motion, that the due date of the initial PSRs, the due date for the responses to the initial PSRs, the due date for the final PSRs, and the sentencings of the defendants whose initial PSRs are due on August 22, 2024 and August 29k 2024 be continued by at least four weeks, and for such other and further relief which it may be entitled to receive.

Date:  August 22, 2024                Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney, Southern District of Texas

By:     *s/ Adam Laurence Goldman*
Adam Laurence Goldman
Assistant United States Attorney
Attorney-in-Charge
S.D. Tex. ID No.: 1034195
State Bar Nos.:  NY3038023/DC476521
1000 Louisiana Street, 27th Floor
Houston, Texas 77002
Tel.: (713) 567-9534; FAX: (713) 718-3303
E-mail:  Adam.Goldman2@usdoj.gov
*Counsel for the United States of America*

## **CERTIFICATE OF CONFERENCE**

I HEREBY CERITIFY that I have conferred with counsel for the applicable Defendants and the Probation Department regarding this motion, and they have indicated that they are unopposed to this motion.

*s/ Adam Laurence Goldman*
Adam Laurence Goldman
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of August, 2024, I electronically filed the foregoing document with the Clerk of Court, using CM.ECF, to which opposing counsels below are members:

*s/ Adam Laurence Goldman*
Adam Laurence Goldman
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § Crim. Action No.: H-4:17-cr-00651 |
| | § |
| FREDDY MONTES, *et al.,* | § |
| | § |
| Defendants. | § |
| _____ | § |

ORDER

The Court has considered the Unopposed Motion to Continue the Pre-Sentence Investigation Reports ("PSRs") Due Dates and Sentencings for Defendants who initial PSRs ar e due on either August 22, 2024 or August 29, 2024. The Court finds that good cause has been shown, and therefore, the Motion should be GRANTED.

It is therefore ORDERED that the Initial PSRs shall be filed by _____, Objections and Responses to the Initial PSRs shall be filed by _____, the Final PSRs shall be filed by _____, and sentencings shall occur on _____ at \_\_\_\_:\_\_\_\_ a.m./p.m.

The granting of this relief is without prejudice.

Signed at Houston, Texas, on this _____ day of _____, 2023.

_____
THE HONORABLE CHARLES R. ESKRIDGE, III
UNITED STATES DISTRICT JUDGE